Messrs Dallas and Du Ponceau, *pro quer*.

Messrs. Ingersoll and Lewis, *pro def*.

---

## Case of JOHN MAYO, an insolvent debtor.

"The strong presumption of fraud," which may detain an insolvent debtor in confinement, must be confined to his not delivering up his estate to his creditors.
The words 5*l* in value in the oath, refers to the value of the articles in 1729.

HE applied by petition to the court, for the benefit of the insolvent laws, and appeared to have contracted large debts, in the course of two years, by the most imprudent and improvident conduct.

Upon argument, it was resolved by the court, that " the strong presumption of fraud," mentioned in the 16th section of the 9th article of the constitution, and of the several acts of assembly, must be confined to the delivering up his estate to his creditors. Where there is no good ground to infer that he has not made a full disclosure and return of his property, his person ought not to be detained in confinement.

It was also ruled, that the words prescribed by the act of 3 Geo. 2, " excepting the wearing apparel and bedding for me or my family, and the tools or instruments of my trade or calling, not exceeding five pounds in value in the whole," to be uttered on oath or affirmation by every insolvent debtor previous to his discharge, must be referred to such property of that description, as were of the value of 5*l*. at the time of passing the act in 1729, and must not be controlled by the present enhanced prices of those articles.

The prisoner was sworn to answer interrogatories, and was strictly examined both by the court and the counsel for the creditors. And

there being no presumption of fraud against him, he was discharged from his confinement.

Messrs. Tilghman and S. Levy, for the prisoner.

Messrs. Rawle and Thomas for the creditors.